JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0723 AG (RNBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | LUISA CAMINO v. AMERICA'S SERVICING CO., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Plaintiff originally filed this complaint in state Court on April 17, 2012. Plaintiff is a citizen of California. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (erroneously sued as America's Servicing Company) is a citizen of South Dakota. Defendant First American Trustee Servicing Solutions, LLC. ("First American") is wholly-owned by First American Title Company, which is a citizen of California.

On May 1, 2012, First American filed a declaration of non-monetary status in state court, under California's statute on non-monetary parties, California Civil Code § 2924l. On May 4, 2012, Wells Fargo removed this action to this Court, claiming that complete diversity exists. This Court disagrees.

The Court REMANDS this case back to state court.

**ANALYSIS**

Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction under § 1332 requires that each plaintiff be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S.

JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0723 AG (RNBx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | LUISA CAMINO v. AMERICA'S SERVICING CO., et al. | | |

267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

Generally, if at least one plaintiff is a citizen of the same state as at least one defendant, diversity jurisdiction does not exist. But "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1133 (9th Cir. 2002) (citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).

Here, the issue of nominal party status involves California's statute on non-monetary parties, California Civil Code § 2924l. Under Section 2924l, a trustee may declare non-monetary status in state court if "it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee . . . ." Cal. Civ. Code § 2924l(a). If there is no objection to the declaration within 15 days of filing, the trustee gains non-monetary party status. *See* Cal. Civ. Code § 2924l(d). And federal courts have considered § 2924l non-monetary parties to be nominal parties. *See Amaro v. Option One Mortgage Corp.*, No. 08-1498 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009); *Hafiz v. Greenpoint Mortgage Funding., Inc.*, 2009 WL 2137423, at *2 (N.D. Cal. July 16, 2009).

Here, First American filed a declaration of non-monetary status in state court, under California's statute on non-monetary parties, California Civil Code § 2924l. But it did not file this declaration until May 1, 2012. Wells Fargo removed on May 4, 2012, which was before the time for objection had elapsed. A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-0723 AG (RNBx) | Date | May 21, 2012 |
|---|---|---|---|

| Title | LUISA CAMINO v. AMERICA'S SERVICING CO., et al. |
|---|---|

objection. Cal. Civ. Code § 2924l(d), *see also Kang v. Bank of Am. Home Loans Servicing, LP*, No. 09-8890 (C.D. Cal. Jan. 5, 2010) (order denying reconsideration). Thus, First American had not yet attained non-monetary status at the time of removal. Federal diversity jurisdiction must exist "as of the time the complaint is filed and removal is effected." *See id*; *see also Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.1998) (diversity must exist when action is removed). Because diversity did not exist at the time of removal, this Court does not have jurisdiction over this case

The Court REMANDS this case back to state court.

: 0

Initials of Preparer    lmb